Plaintiffs, Wayne Mitchell et al., appeal from the dismissal of their action against the City of Prichard in the Circuit Court of Mobile County for lack of subject matter jurisdiction based on the federal Voting Rights Act, which provides that actions arising under Section 5 of that Act shall be heard by a federal district court of three judges.
The facts surrounding this appeal are not in dispute. Appellants are property owners in Mobile County. The property is referred to by the parties in this action as Area A. In 1961, all or part of the unincorporated Area A was annexed by the City of Mobile. In 1966, pursuant to state legislation authorizing a referendum, an election was held on the issue of the deannexation of certain portions of the territory annexed by the City of Mobile in 1961, including some or all of Area A. The vote approved the deannexation of Area A. The 1966 deannexation was subject to Section 5 of the Voting Rights Act,42 U.S.C. § 1973c, which required the City of Mobile to pre-clear the proposed deannexation with the Attorney General of the United States. This was not done by the time the City of Mobile tried to deannex Area A in 1966.
In 1967 the City of Prichard annexed a tract of territory that included Area A, and thereafter the Probate Court of Mobile County ordered that an election be held among the qualified electors residing within the territory sought to be annexed. The annexation was approved.[1] No approval, however, was sought as required under Section 5 of the Voting Rights Act.
In 1971 a petition was filed in the Probate Court of Mobile County by a group of citizens seeking to deannex Area A from the City of Prichard. The deannexation of Area A was approved on September 28, 1971.[2] No approval was sought for this deannexation as required under Section 5 of the Voting Rights Act. From 1971 until 1987, the residents of Area A considered themselves as not living within the city limits of either Mobile or Prichard.
In 1982 the City of Mobile submitted its 1966 deannexation to the Attorney General *Page 2 
for "preclearance," and it was approved in 1983. Likewise, the City of Prichard submitted the 1967 annexation and 1971 deannexation to the Attorney General for "preclearance" in 1986. On February 3, 1987, the 1967 annexation by the City of Prichard was approved. However, the 1971 deannexation was objected to and was, thus, disapproved.
Plaintiffs below, residents of Area A, filed a declaratory judgment action in the Circuit Court of Mobile County, asking for a declaration that Area A is not in the city limits of Prichard. The complaint stated three counts.
The property owners' first cause of action alleges that the City of Prichard's 1967 annexation of Area A is null and void as in violation of §§ 11-42-40 et seq., Code of Alabama (1975), which state the procedures and laws governing annexations. Specifically, § 11-42-42(b) prohibits a city from annexing "any territory within the corporate limits of another city." The reason proposed by plaintiffs was that Mobile's 1966 deannexation of Area A was null and void because Mobile had not received clearance of that deannexation as required by Section 5 of the Voting Rights Act. Thus, they argue, the City of Prichard was precluded under state law from its attempted annexation of Area A in 1967.
Second, the plaintiffs asked the court to enter a judgment declaring that even if the 1967 annexation is valid under state annexation laws, Prichard is equitably estopped from enforcing the annexation of Area A because it had not treated or considered this territory as being within its corporate limits since the 1971 deannexation.
Last, plaintiffs sought to enjoin a 1987 resolution passed by the Prichard City Council that purported to subject the citizens of Area A to Prichard city taxes; plaintiffs contend that the taxation was in violation of state law.
In its answer, the City of Prichard stated a general denial and included as an affirmative defense that the Mobile County Circuit Court was without subject matter jurisdiction. Prichard also counterclaimed for a judgment declaring invalid a 1971 act of the Alabama Legislature, deannexing Area A from the City of Prichard. At trial, the City of Prichard raised its subject matter jurisdiction defense based on the federal Voting Rights Act of 1965, which provides that actions under Section 5 of the Act shall be heard by a three-judge federal court. The trial court held:
 "[A]ny question regarding the preclearance of the 1966 deannexation by the Justice Department in 1983 and the preclearance of the 1967 annexation by the Justice Department in 1987 is properly decided by a three-judge Federal Court under Section 5 of the Voting Rights Act of 1964. The Court further finds that any attack upon, or construction of, the ruling of the Justice Department with regard to the 1971 deannexation of Area "A" is properly brought in a three-judge Federal Court under Section 5 of the Voting Rights Act of 1964, and that, therefore, this Court has no jurisdiction in this case."
After the trial judge dismissed the action for want of jurisdiction, the property owners appealed.
The only issue on appeal is whether a state court has subject matter jurisdiction over a case involving the interpretation and application of the federal Voting Rights Act when the issues of the case arise collaterally to a claim brought under state law.
We hold that cases involving the interpretation of the preclearance requirements of Section 5 of the federal Voting Rights Act are within the exclusive jurisdiction of the federal courts. The dismissal was proper.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.
[1] The vote was 139-127 in favor of annexation.
[2] The vote was 189-3 in favor of deannexation. *Page 3