711 So.2d 272 (1996)
Fred SMITH, Plaintiff-Appellant,
v.
Barbara CLARK, et al., Defendants-Appellees.
No. 29610-CA.
Court of Appeal of Louisiana, Second Circuit.
November 27, 1996.
*273 Edward Larvadain, Jr., Alexandria, for Plaintiff-Appellant.
Richard P. Ieyoub, Attorney General, Frances E. Jones, Assistant Attorney General, for Defendant-Appellee Barbara Clark.
Sheri M. Morris, Baton Rouge, for Defendant-Appellee W. Fox McKeithen, Secretary of State.
Celia R. Cangelosi, Baton Rouge, for Defendant-Appellee Jerry Fowler, Commissioner of Elections.
Before MARVIN, C.J., and HIGHTOWER and GASKINS, JJ.
GASKINS, Judge.
Appellant, Fred Smith, filed a Petition for Nullity seeking to have the November 7, 1996, election for the offices of City Judge and City Marshall for Winnfield declared null. Smith alleged violations of state election law under the provisions of La.R.S. 18:1401 et seq., asserting that the election was conducted "with such constitutional infirmities amounting to substantial irregularities such that absent said irregularities he would have been elected." The irregularity complained of by Smith was the alleged failure to have new electoral district lines for the offices at issue precleared under Section 5 of the Voting Rights Act. Smith also based his claim for nullity directly on the alleged Section 5 violation.
The defendants filed a number of exceptions including lack of subject matter jurisdiction and no cause of action. After a hearing, the trial court granted the exception of lack of subject matter jurisdiction and dismissed the suit. In giving oral reasons for judgment, the court also indicated that if it had reached the question of no cause of action, the court would have concluded that the petition did not state a cause of action.

*274 ISSUES PRESENTED
1. Does appellant have a cause of action or right of action under the Louisiana Election Code?
2. Does the Louisiana District Court have subject matter jurisdiction over a claim brought directly under the provisions of Section 5 of the Federal Voting Rights Act?

DISCUSSION
Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted; jurisdiction over the subject matter of an action or proceeding cannot be conferred by consent of the parties. La.C.C.P. arts. 2 and 3. To the extent that appellant alleged a cause of action under the Louisiana Election Code, the district court had subject matter jurisdiction over that claim, even if the court ultimately concluded that the claim stated no cause of action. Although the court did not reach the exception, the court already has indicated what its ruling would be on the exception of no cause of action. In the interest of judicial efficiency in this matter impressed with the public interest, we will address not only the peremptory exception of no cause of action but also the exception of no right of action rather than remand. We also note that the failure to disclose either a cause of action or a right of action may be noticed by an appellate court on its own motion. La.C.C.P. art. 927(B).

Louisiana Election Code
The provisions of Chapter 9 of the Louisiana Election Code set forth the procedures for objecting to candidacy and for an election contest. In particular, the provisions of La. R.S. 18:1401(B) state that a candidate may bring an action contesting the election if he alleges that except for irregularities in the conduct of an election he would have been elected. However, under the provisions of La.R.S. 18:1434, an objection to an irregularity in the conduct of an election which, with the exercise of due diligence, could have been raised by objections at the polls to the procedure is deemed waived.
Assuming arguendo, that preclearance was not obtained herein, we do not find such a lack of preclearance to constitute "irregularities in the conduct of an election" for purposes of an election contest under Louisiana law. The highly expedited statutory provisions for an election contest show that their intent is to quickly resolve questions concerning whether the elections were conducted in accordance with the procedural mechanisms of state election law and thus whether the results of the elections are valid. Obtaining preclearance under federal voting law is not a prerequisite under the Louisiana Election Code to holding an election. Furthermore, even with respect to Federal law, "preclearance," under proper circumstances, can be retroactive. See Moore v. Caledonia Natural Gas District, 890 F.Supp. 547 (N.D.Miss.1995). Because there was no legal impediment to the conduct of this election, we conclude that appellant's claim of lack of preclearance does not allow appellant to bring an election contest under the provisions of La.R.S. 18:1401 et seq. Accordingly, we conclude that appellant's petition stated no cause of action under the Louisiana Election Code.
We further conclude that even if a cause of action were stated, appellant would have no right of action because he failed to exercise due diligence in raising his objection. La.R.S. 18:1434. Appellant's counsel admitted at the trial court hearing that he was aware in August 1996 of the preclearance problem, but appellant took no steps to raise an objection in this regard until after he ran unsuccessfully for judge in the November election.
Finally, we note that under the provisions of La.C.C.P. art. 934, the judgment sustaining a peremptory exception ordinarily shall allow amendment to the petition within the delay ordered by the court. But if the grounds of the objection cannot be so removed, as is this case sub judice, the action shall be dismissed. Therefore, appellant's claim under the Louisiana Election Code must be dismissed.

Voting Rights Act Claim
We now turn to appellant's claim under Section 5 of the Federal Voting Rights *275 Act. Initially, we observe that appellant's petition clearly states that appellant is bringing his claim under Section 5 of the Voting Rights Act. Furthermore, appellant's counsel confirmed at oral argument before this Court that the federal claim was made only under Section 5 and not under Section 2 of the Voting Rights Act.
The question presented for our review is whether or not a Louisiana state district court has concurrent jurisdiction with federal courts to review claims brought pursuant to Section 5 of the Voting Rights Act. In Hathorn v. Lovorn, 457 U.S. 255, 102 S.Ct. 2421, 72 L.Ed.2d 824 (1982), the United States Supreme Court observed that in every case there is a presumption that state courts enjoy concurrent jurisdiction with federal courts to decide federal issues, and that only an explicit statutory directive, an unmistakable implication of legislative history, or a clear incompatibility between state court jurisdiction and federal interest will rebut that presumption. Moreover, the court noted that even a finding of exclusive federal jurisdiction over claims arising under a federal statute usually will not prevent a state court from deciding a federal question collaterally.
In Hathorn, supra, the court noted that Section 5 of the Voting Rights Act may grant federal courts exclusive jurisdiction over actions under Section 5. Subsequently, it has been held that cases involving the interpretation of preclearance requirements of the Federal Voting Rights Act are within the exclusive jurisdiction of the federal courts. See Mitchell v. City of Prichard, 538 So.2d 1 (Al.1988). We agree. There is strong support for this position in the language of 42 U.S.C.A. § 1973c, the final sentence of which states that any action under this section shall be heard and determined by a court of three judges in accordance with the provisions of § 2284 of Title 28 and any appeal shall lie to the Supreme Court. Thus, a single judge does not hear such claims even in the federal system.
Lastly, we observe that the Supreme Court's statement in Hathorn, supra, indicating that a state court usually can collaterally decide even a federal question within exclusive federal jurisdiction, has no application under the circumstances of the instant case. A litigant cannot assert an invalid state claim and thereby avoid the exclusivity of federal jurisdiction. It is upon this basis that we reject appellant's reliance on Adams County Election Commission v. Sanders, 586 So.2d 829 (Miss.1991). See Republican Party of Adams County, Mississippi v. Adams County Election Commission, 775 F.Supp. 978 (S.D.Miss., W.D.1991). Because we have concluded that appellant has neither stated a cause of action, nor has a right of action under state law, the federal question is not presented collaterally; consequently, the trial court lacked subject matter jurisdiction over the federal claim.

CONCLUSION
For the reasons set forth above, we conclude that although the trial court should have exercised jurisdiction over the Louisiana Election Code claim, the court correctly concluded that appellant's petition stated no cause of action. We further observe that appellant has no right of action under the circumstances. Finally, we conclude that the trial court correctly granted the exception of lack of subject matter jurisdiction with respect to the appellant's claim under Section 5 of the Voting Rights Act. Costs are assessed to appellant.
AMENDED TO RECOGNIZE NO CAUSE OF ACTION AND NO RIGHT OF ACTION; AFFIRMED AS AMENDED.